THOMAS J. SALERNO, #007492
DOUGLAS H. ALLSWORTH, #017104
JASMIN CHIGBROW, #037837
KUTAK ROCK LLP
8601 North Scottsdale Road, Suite 300
Scottsdale, AZ 85253-2742
(480) 429-5000
Tom.Salerno@kutakrock.com
Doug.Allsworth@kutakrock.com
Jasmin.Chigbrow@kutakrock.com
ScottsdaleDocketing@kutakrock.com

*Attorneys for Puerco Valley Fire District*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>PUERCO VALLEY FIRE DISTRICT,<br><br>Debtor. | Chapter 9 Proceeding<br><br>**Case No.: 2:26-bk-07566**<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW STATE COURT SCHEDULED TRIAL TO TAKE PLACE** |

PUERCO VALLEY FIRE DISTRICT, the above-captioned debtor in possession ("**Debtor**") hereby moves the Court, pursuant to this Bankruptcy Code § 362(d)(1) for relief from the automatic stay with respect to litigation pending in Maricopa County Superior Court ("**Superior Court**") as *Puerco Fire District v. Puerco Valley Ambulance Service, Inc., Brandie DeSpain and Norvin DeSpain*, Case No. CV 2023-017060 (the "**State Court Action**"). The State Court Action, after three (3) years in Superior Court and rulings on dispositive motions (discussed below) is scheduled for a jury trial on October 8, 12-14, 2026 ("**Jury Trial**") before Superior Court Judge Chris Coury ("**Judge Coury**").

Debtor seeks relief from the automatic stay to allow the State Court Action to proceed to the Jury Trial for the reasons set forth below. Moreover, on July 29, 2026, Judge Coury

(upon learning of the imminent Chapter 9 filing by the Debtor) informed the Debtor that unless stay relief is obtained by August 20, 2026, the Superior Court will move the State Court Action for possible dismissal. For the reasons set forth below, the Debtor respectfully seeks relief from the automatic stay to allow the Jury Trial to occur so the remaining claims in the State Court Action against the defendants therein may be liquidated.

## FACTUAL AND PROCEDURAL BACKGROUND

1. The Debtor filed the State Court Action on October 30, 2023 in Superior Court against Brandie DeSpain ("**DeSpain**"), Norvin DeSpain and Puerco Valley Ambulance Inc. ("**PVAS Inc.**") (collectively the "**Defendants**"). The Debtor asserted several causes of action including: (a) a claim for declaratory judgment, regarding Debtor's status as the lawful owner/operator of PVAS; (b) a request for injunctive relief (discussed below); and (c) a claim for damages for conversion and theft of over $921,000 from an operating account Defendants established related to PVAS, Inc. (the "**Operating Account**"). Defendants denied liability and asserted counterclaims.

2. On December 15, 2023, Judge Coury granted a preliminary injunction enjoining the Defendants from engaging in EMS activities under the trade name "Puerco Valley Ambulance Service" ("**PVAS**"), directing Defendants to preserve assets in their possession that derived from EMS operations, and ordering that Debtor would operate PVAS *pendente lite*, without interference from Defendants. The injunction was renewed, and additional relief awarded, on March 29, 2024, following an evidentiary hearing (the "**2024 Injunction**"). In particular, Defendants were ordered to turn to over to Debtor EMS vehicles in their possession and to interplead any funds in their possession that were traceable to withdraws from the PVAS Operating Account in October of 2023. Notably, DeSpain continues to have *de facto* control of the Operating Account at Wells Fargo that was previously used as the Operating Account for PVAS. A small number of payors have continued to direct payments to this Operating Account for ambulance services provided by PVAS while the State Court Action has been pending. Judge Coury has determined that such funds belong to the Debtor, and he has ordered the account frozen, so that DeSpain is prohibited from withdrawing the funds on deposit.

3. A main point of contention in the State Court Action was who owned the ambulance service designated as PVAS, and who had the right to certain funds in the PVAS Operating Account and other assets and cash. Simply put, DeSpain asserted that she owned and controlled PVAS and was entitled to withdraw more than $920,000 from PVAS Operating Account, shortly before the State Court Action was commenced. On January 22, 2026, Judge Coury granted summary judgment on the Debtor's claims for declaratory judgment on ownership of PVAS and conversion. Although the Superior Court determined that DeSpain and/or PVAS were liable for converting $921,671 in funds that belonged to the Debtor, the Court left open the possibility that Defendants could prove up an offset and, therefore, deferred the issue of damages for trial. *See Statement And Declaration of Eligibility* by the Debtor's Board Chair, Antonia Wood filed July 30, 2026 (the "**Wood Declaration**") (Dkt. 5), para. 7.

4. Notably, as a result of the 2024 Injunction, a portion of the converted funds ($215,369) were recovered and deposited into Superior Court. By ruling dated May 28, 2026, Judge Coury released those funds to the Debtor, which effectively reduces the Debtor's direct damage claim to approximately $706,302 (plus whatever attorney's fees and costs and other damages may be proven at trial). Moreover, DeSpain transferred approximately $500,000 to her then law firm (Rose Law Group) literally days before the hearing on the preliminary injunction in December 2023, and also purchased for herself a $95,000 new pickup truck. Wood Declaration, para. 7. The Debtor will be seeking recovery of these funds/assets as well.

5. After this nearly three (3) year journey, a Jury Trial in the State Court Action is currently scheduled for **October 8, 12, 13 and 14, 2026**.

6. On July 29, 2026, after being advised that a Chapter 9 was anticipated based on the dire economic circumstances regarding the Debtor's financial circumstances (*see* Wood Declaration) Judge Coury advised the parties that the Jury Trial date would be vacated, and the case placed on the dismissal calendar, unless stay relief was obtained by August 20, 2026. *See* Minute entry dated July 29, 2026, attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to Bankruptcy Code §362,

and 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## LEGAL ARGUMENT

The issue of damages and other relief against the Defendants is ripe for adjudication. Bankruptcy Code §362(a)(1) arguably stays the continuation of the State Court Action.

The Debtor believes and asserts that it is most efficient to have the State Court Action proceed in Superior Court before Judge Coury, who is already familiar with the case and can determine the remaining issues pending in the State Court Action (which are primarily damages on the conversion claim). Under these circumstances, cause exists for lifting the stay to allow the Debtor to proceed to liquidate its claims in the State Court Action pursuant to Bankruptcy Code §362 (d)(1).

## CONCLUSION AND RELIEF REQUESTED

For all the foregoing reasons, the Debtor respectfully requests the Court enter an Order modifying and lifting the automatic stay to allow the Debtor to proceed with trial of the State Court Action. After the Jury Trial is conducted, the Debtor will come back before this Court for appropriate action.

RESPECTULLY SUBMITTED this 3rd day of August, 2026.

**KUTAK ROCK, LLP**

By: *\/s/ Thomas J. Salerno*
Thomas J. Salerno
Douglas H. Allsworth
Jasmin Chigbrow
*Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the EM/ECF registrants.

COPY of the foregoing e-mailed this 3rd day of August, 2026,
as follows:

**LOGAN ELIA, PLLC**
Logan Elia, Esq. (logan@loganeliapllc.com)
Counsel to Defendants in State Court Action

**BARRETT & MATURA, P.C**.
Jeffrey C. Matura (jmatura@barrettmatura.com)
Melissa J. England (mengland@barrettmatura.com)
Co-Counsel for Debtor in State Court action

**ELIZABETH C. AMOROSI**
Assistant United States Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003-1706
Elizabeth.C.Amorosi@usdoj.gov

By: /s/ *Myra Hamilton*

# EXHIBIT 1

# EXHIBIT 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2023-017060 07/29/2026

HONORABLE CHRISTOPHER COURY

CLERK OF THE COURT
C. Lockhart
Deputy

PUERCO VALLEY FIRE DISTRICT — DOUGLAS H ALLSWORTH

v.

PUERCO VALLEY AMBULANCE SERVICE INC, et al. — LOGAN VINCENT ELIA

JOSHUA AUSTIN
RYAN T BRADWAY
MELISSA J ENGLAND
NICOLAS J CORNELIUS
JUDGE COURY

MINUTE ENTRY

East Court Building – Courtroom 713 VC-CV

9:02 a.m. This is the time set for an in-person Order to Show Cause Hearing regarding Plaintiff's Notice of Defendants' Non-Compliance with Court-Order Re: Mediation, filed July 20, 2026. Plaintiff, Puerco Valley Fire District, is represented by counsel, Douglas H. Allsworth, who appears virtually, Melissa J. England, and Nicolas J. Cornelius. Defendants, Puerco Valley Ambulance Service Inc., Brandie DeSpain, and Norvin DeSpain, who are present and appear virtually, are represented by counsel, Logan Vincent Elia who appears virtually.

A record of the proceedings is made digitally in lieu of a court reporter.

Discussion is held regarding Defendants' failure to set mediation after the Court ordered same, and as to why sanctions should not be imposed.

**IT IS ORDERED** the parties shall confer to set a mediation date and time by 10:00 a.m. today.

9:13 a.m. The Court stands at recess.

9:54 a.m. Court reconvenes with the parties and respective counsel present.

Counsel report that they have agreed to a mediation date with mediator, Hon. Sally Duncan (ret.), on August 20, 2026.

Discussion is held regarding procedures of Chapter 9 Bankruptcy.

For the reasons set forth on the record, and good cause appearing,

**IT IS ORDERED** declining to impose sanctions at this time.

**IT IS FURTHER ORDERED** modifying the Court's order entered on June 2, 2026 and directing the parties to participate in good faith in private mediation on or before **August 20, 2026**.

**IT IS FURTHER ORDERED** directing that, if the bankruptcy stay (in the bankruptcy case that Plaintiff anticipates filing) is not lifted by August 20, 2026, all dates and deadlines set forth in the June 2, 2026 Trial Setting minute entry shall be vacated and the matter be placed on the Dismissal Calendar.

**IT IS FURTHER ORDERED** if one party delays in seeking to lift the bankruptcy stay, that will not necessarily or automatically result in vacating the trial dates.

10:05 a.m. Matter concludes.